

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

November 30, 1990

Mr. Ray L. Goad
Executive Director
Commission on Fire
  Protection Personnel
  Standards and Education
9800 N. Lamar Blvd.
Austin, Texas 78753

Opinion No. JM-1251

Re: Whether volunteer fire de-
partment personnel are subject
to requirements established
under Government Code chapter
416 by the Commission on Fire
Protection Personnel Standards
and Education, and related
questions (RQ-2076)

Dear Mr. Goad:

You ask:

> Are volunteer fire departments, which
> receive compensation for their services
> through a contract to provide fire protection
> services for a governmental body, that also
> has a paid fire department, required to train
> their personnel to meet minimum training
> standards promulgated by [the Commission on
> Fire Protection Personnel Standards and Edu-
> cation]?

Chapter 416 of the Government Code provides generally
for the authority of the Commission on Fire Protection Per-
sonnel Standards and Education [the "commission"]. Section
416.031 provides that a "fire department" may not employ a
person, except on a temporary or probationary basis, unless
he has completed a commission-approved training course and
met other requirements established by the commission.
Section 416.007(8) of the Government Code empowers the com-
mission to

> establish minimum educational, training, phy-
> sical, mental, and moral standards for admis-
> sion to employment as <u>fire protection person-
> nel</u> in a permanent, temporary, or probationary
> status and for advanced or specialized <u>fire</u>

Mr. Ray L. Goad - Page 2   (JM-1251)

> <u>protection personnel</u> positions.     (Emphasis added.)

<u>See also</u> <u>id.</u> §§ 416.022 (commission may establish training requirements for "fire protection personnel or recruits"), 416.031(b)(commission may establish training and other standards for "fire protection personnel").

Section 416.001(4), in subparts (A), (B), and (C), defines "fire protection personnel," for purposes of chapter 416, to include, respectively, "fire and arson investigators," "aircraft crash and rescue fire protection personnel," and certain employees of local fire departments. We assume that the personnel you are concerned about are not fire and arson investigators or aircraft crash and rescue personnel. Subpart (C) provides that fire department employees are included within the definition of the term "fire protection personnel" if they are

> permanent, fully paid, full-time <u>fire department employees</u> who are not secretaries, stenographers, clerks, budget analysts, or similar support staff persons or other administrative employees and who are assigned duties in one or more of the following categories:
>
> (i)   fire suppression;
>
> (ii)   fire inspection;
>
> (iii)   fire and arson investigation;
>
> (iv)   marine fire fighting;
>
> (v)   aircraft crash fire fighting and rescue;
>
> (vi)   fire training;
>
> (vii)   fire education;
>
> (viii) fire administration; and
>
> (ix) any other position necessarily or customarily related to fire prevention and suppression.  (Emphasis added.)

"Fire department" is defined in subsection (3) as

> a department of a local government with perma-
> nent, fully paid, full-time employees organiz-
> ed to prevent or suppress fires.   (Emphasis
> added.)

We find no statutory authorization for the establish-
ment of volunteer fire departments as "departments of local
government" within the meaning of the section 416.001(3)
definition of fire departments. Assuming the volunteer fire
departments you are concerned about are not "departments of
local government," they would not be "fire departments" for
purposes of the provisions of chapter 416. Thus, their
personnel would not, by reason of their volunteer fire
department employment, fall within the ambit of section
416.031, requiring appointees of "fire departments" to meet
training and other requirements established by the commis-
sion. Nor would they fall within the definition of "fire
protection personnel" in section 416.001(4)(C) since they
are not "fire department employees" within the meaning of
that provision. They would thus not be subject to commis-
sion training standards for "fire protection personnel,"
promulgated under sections 416.007(8), 416.022, and
416.031(b). Compare Attorney General Opinion JM-1209
(1990), at 6 n.3 (no provision for establishment of
volunteer fire departments as political subdivisions). But
see Attorney General Opinion JM-821 (1987) (volunteer fire
department may be "governmental body" for purposes of Open
Records Act, V.T.C.S. art. 6252-17a).

We find no provision in chapter 416 or elsewhere in
state law which subjects employees of volunteer fire depart-
ments -- where the latter are not "departments of local
government" -- to the training requirements for "fire
protection personnel" established by the commission under
chapter 416.

You also ask:

> Do personnel who receive pay from a fire
> department (paid or volunteer), which may or
> may not be assigned fire fighting duties and
> who are employed to drive fire trucks to fire
> scenes, have to meet minimum standards of fire
> protection personnel?

It follows from our response to your first question
that personnel of a volunteer fire department, where the
latter is not a "department of local government," would not
be subject under section 416.031 to the training or other

requirements established by the commission for "appointees" of "fire departments," since, again, volunteer fire department personnel are not appointed by "fire departments" as the term is defined in section 416.001(3). Nor would they be subject to the training and other standards for "fire protection personnel" established by the commission under sections 416.007(8), 416.022, and 416.031(b), since, not being "fire department employees," they are not "fire protection personnel" within the definition of that term in section 416.001(4)(C).

If the fire department employing the persons you ask about is a "fire department" within the definition of the term in section 416.001(3) -- i.e., a department of local government, etc. -- those persons would, unless employed on a temporary or probationary basis, be subject to the provisions of section 416.031(a) requiring that "fire department" appointees meet commission requirements. Also, where such persons are full-time, fully paid, and "may . . . be assigned fire-fighting duties" in the course of their employment, we think they would fall under the definition of "fire protection personnel" in section 416.001(4)(C) so as to make them subject to the requirements for "fire protection personnel" established by the commission under sections 416.007(8), 416.022, and 416.031(b). See Attorney General Opinion H-141 (1973) (employees of fire departments who "may" be assigned fire-fighting duties are subject to the training requirements of the commission).

We acknowledge that to the extent that cities or other units of local government may contract for fire protection services rather than provide them directly, see, e.g., Local Gov't Code § 352.001(c) (county commissioners courts may contract with "incorporated" volunteer fire departments for fire protection in county territory outside municipalities), the results we reach here, based on the applicable provisions of law, would permit local governments to obtain the services of firefighters from non-governmental entities without those firefighters being subject to the commission requirements which would generally apply to them if they were employed directly by the local governments' fire departments. Whether, as a policy matter, this situation needs to be addressed is, of course, for the legislature and not this office to decide.

## S U M M A R Y

Personnel of a volunteer fire department, where the latter is not a department of local

government, are not subject to the require-
ments of training established by the Commis-
sion on Fire Protection Personnel Standards
and Education under chapter 416 of the Gov-
ernment Code. A permanent, full-time, fully
paid employee of a fire department which is a
department of local government is subject to
commission requirements under chapter 416 if
the employee may be assigned firefighting
duties in the course of his employment.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General